UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES SALSMAN,<br><br>          Plaintiff,<br><br>   v.<br><br>ACCESS SYSTEMS AMERICAS, INC.,<br><br>          Defendant. | Case No.: C 10-1865 PVT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TO STRIKE** |

On August 11, 2010, Defendant filed a Motion to Dismiss or to Strike. Plaintiff opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted, and the file herein,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED. Plaintiff's False Claims Act claim is DISMISSED and all references to the False Claims Act are hereby STRICKEN from Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file a third amended complaint to add a properly pleaded False Claims Act claim, if he can do so consistent with the requirements of Rule 11.[1] Any such third amended complaint must be filed no later than October 5, 2010.

---

[1] All references herein to "Rules" are to the Federal Rules of Civil Procedure.

ORDER, *page 1*

IT IS FURTHER ORDERED that, unless Plaintiff files an third amended complaint, Defendant's answer to the Second Amended Complaint shall be filed no later than October 12, 2010. If Plaintiff files a third amended complaint, Defendant shall respond to that complaint no later than October 26, 2010.

IT IS FURTHER ORDERED that a further Case Management Conference will be held at 2:00 p.m. on November 9, 2010. The parties shall file updated Case Management Conference Statements no later than November 2, 2010.

## I. INTRODUCTION

Plaintiff originally filed this action on April 30, 2010, alleging only one cause of action, which is for employment discrimination under the Americans with Disabilities Act. A few months later, Plaintiff filed a First Amended Complaint and then a Second Amended Complaint in which he attempts to add a claim under the False Claims Act, 31 U.S.C. 3729, *et seq.*, based a representation in Defendant's Case Management Conference Statement that Plaintiff had not "formally propounded" discovery, and Defendant's refusal to provide a list of ACCESS shareholders in response to requests Plaintiff made in an email to Defense counsel. Defendant moved to dismiss or strike the Second Amended Complaint on grounds that the representation in the Case Management Conference statement was accurate, and that the representation and failure to provide the requested documents would not constitute an actionable claim under the False Claims Act. Plaintiff opposed the motion, arguing that the requests in the email were "propounded" even if they did not comply with all requirements of the Federal Rules of Civil Procedure, and that he has adequately pled a cause of action under the False Claims Act.

## II. LEGAL STANDARD

### A. DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Dismissal is warranted where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of

law").

A complaint may also be dismissed where it presents a cognizable legal theory, but fails to plead facts essential to the statement of a claim under that theory. *Robertson*, 749 F.2d at 534. The Supreme Court has held that, while a complaint does not need detailed factual allegations:

> "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *See Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir.2008) (citation omitted). However, conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss. *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also* FED.R.CIV.PRO. 8(a)(2) & (e).

### B. MOTION TO STRIKE ALLEGATIONS

Rule 12(f) provides that a court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal.1991).

### C. LEAVE TO AMEND

Leave to amend must "be freely given when justice so requires." Fed.R.Civ.P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v.*

*Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

**III.   DISCUSSION**

The only acts that Plaintiff allege as the bases for his False Claims Act cause of action is the representation in Defendant's Case Management Conference Statement that Plaintiff had not formally propounded discovery, and Defendant's refusal to provide a list of ACCESS shareholders. However, Defendant was correct that Plaintiff had not formally propounded discovery, and Defendant was under no obligation to produce the shareholder list.

To begin with, it appears the purported discovery was not properly served on Defendant. Absent prior written consent, emailing the requests did not meet the requirements of Rule 5. *See* FED.R.CIV.PRO. 5(b)(2)(E). For this reason alone, Plaintiff had not "formally propounded" the requests.

As to the document requests, Plaintiff's email does not comply with the Rule 34 mandate that the requests "specify a reasonable time, place, and manner for the inspection and for performing the related acts." *See* FED.R.CIV.PRO. 34(b)(1)(B).

Finally, the requests were not signed by Plaintiff. Rule 26(g)(1) requires, among other things, that every discovery request must be signed by the requesting party (or counsel for the requesting party). Rule 26(g)(2) provides:

> "Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

Even if the court were to deem Plaintiff's typed name in his July 9, 2010 email to be his "signature," that signature is appended to the note at the top of the email and not the actual requests that follow.

In sum, Defendant's statement that Plaintiff had not yet "formally propounded" discovery was not a misrepresentation. And, because there was no formal discovery request, Defendant was not under any obligation to produce the requested documents.[2]

Moreover, these allegations are insufficient to "raise a right to relief above the speculative

---

[2] Even if Plaintiff's email were sufficient to constitute formal discovery requests, the proper means of challenging Defendant's failure to produce responsive documents would be a motion to compel pursuant to Rule 37, not a claim under the False Claims Act. Although courts construe the pleadings of *pro se* litigants liberally, *pro se* litigants "must follow the same rules of procedure that govern other litigants." *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).

level." *See Bell Atlantic,* 550 U.S. at 555. Plaintiff has not cited any legal authority that would support a finding that either a misrepresentation in a Case Management Conference Statement, or a failure of a party to produce documents sought in discovery, constitutes any violation of the False Claims Act. The only False Claims Act case cited by Plaintiff addressed the issue of whether the "Reverse False Claims Act" extends to potential or contingent obligations to pay the government fines or penalties. *See U.S. ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648 (5th Cir. 2004). It does not provide any authority for basing a False Claims Act cause of action on alleged misrepresentations to the court or refusals to produce documents during litigation.

As currently drafted, the complaint does not appear to directly allege a False Claims Act violation based on any purported evasion of import and export customs, duty and tariff obligations. If it is Plaintiff's intent to allege a False Claims Act violation based on any purported evasion of import and export customs, duty and tariff obligations, and if Plaintiff believes he can do so consistent with the requirements of Rule 11, Plaintiff must amend his complaint to allege such an allegation with the specificity required by Rule 9(b). *See, Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (False Claims Act allegations must satisfy Rule 9(b) requirements).

Because dismissal of the False Claims Act cause of action is warranted, and because the False Claims Act allegations have no bearing on Plaintiff's cause of action for disability employment discrimination, striking the False Claims Act allegations is also warranted.

### IV. CONCLUSION

Plaintiff has attempted to transform a fairly straightforward discovery dispute into a claim for substantive relief under the False Claims Act. As discussed herein, Plaintiff's allegations fail to sufficiently plead such a claim. Nonetheless, the court is granting Plaintiff leave to amend, in the event he can, consistent with Rule 11, allege a False Claims Act cause of action that is ***not*** based on either Defense counsel's statements in the Case Management Conference Statement or any failure by Defendant to respond to discovery requests.

Dated: *9/17/10*

/s/ Patricia V. Trumbull
PATRICIA V. TRUMBULL
United States Magistrate Judge

*Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

copies mailed on     9/17/10           to:

James Salsman
1324 Carlton Avenue
Menlo Park, CA 94025

                                   /s/   Donna Kirchner
                                 DONNA KIRCHNER
                                 Judicial Law Clerk