UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES SALSMAN,<br><br>      Plaintiff,<br><br>  v.<br><br>ACCESS SYSTEMS AMERICAS, INC.,<br><br>      Defendant. | Case No.: C 10-1865 PVT<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION; AND**<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR CONTINUANCE** |

On October 18, 2010, Plaintiff filed a request for reconsideration and continuance. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument. Based on Plaintiff's request and the file herein,

IT IS HEREBY ORDERED that Plaintiff's request for reconsideration is DENIED. Aside from the fact Plaintiff failed to comply with Civil Local Rule 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion"), reconsideration is not warranted.[1] Plaintiff cites no authority, and the court is aware of none, that supports his contention that this court's construction of what constitutes a formal discovery request somehow violates his

---

[1] In light of Plaintiff's *pro se* status, at this time the court will not fault Plaintiff for failing to seek leave pursuant to Civil Local Rule 7-9(a). However, in the future Plaintiff must comply with Local Rule 7-9 if he wishes to file a request for reconsideration. As the court previously noted, *pro se* litigants "must follow the same rules of procedure that govern other litigants." *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

ORDER, *page 1*

right to due process. Plaintiff is free to re-propound his requests for discovery in a manner that comports with the Federal Rules of Civil Procedure.

Plaintiff also cites no authority, and the court is aware of none, that supports his contention that this court's requirement that the parties communicate with the court through properly filed briefs somehow violates his right to due process. The court has not "forbidden" Plaintiff from communicating with the court. It has merely ordered that Plaintiff do so in filed briefs,[2] rather than copying the court on his email correspondence with opposing counsel. This court has *never* allowed parties to copy the court on correspondence between the parties, whether electronic or hard copy.[3]

IT IS FURTHER ORDERED that Plaintiff's request to continue the Case Management Conference is GRANTED. No later than November 8, 2010, the parties shall file either their joint or separate proposals for a new date (which must be a Tuesday at 2:00 p.m.) for the Case Management Conference.

Dated: *10/20/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] While some courts allow "letter briefs," this court finds that proper briefs create a more accessible and manageable case docket.

[3] This court has hundreds of cases assigned to it. If the court allowed parties to copy it on all their correspondence, the court's ability to identify and act on the items that are properly before it would be severely impaired.

ORDER, *page 2*

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

<u>copies mailed on</u>      <u>*10/20/10*</u>      <u>to:</u>

James Salsman
1324 Carlton Avenue
Menlo Park, CA 94025

      <u>   /s/   Donna Kirchner      for   </u>
      OSCAR RIVERA
      Courtroom Deputy