UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAMES SALSMAN, | ) | Case No.: CV 10-01865 PSG |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO COMPEL DISCOVERY** |
| v. | ) | |
| | ) | **[Re: Docket No. 54]** |
| ACCESS SYSTEMS AMERICAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

I. INTRODUCTION

On April 30, 2010 Plaintiff James Salsman ("Salsman") filed this action against Defendant Access Systems Americas, Inc. ("Access") alleging employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C § 1201 *et seq*. On August 3, 2010, Defendant Access Systems Americas, Inc., ("Access") served Salsman with Access's First Set of Interrogatories and First Set of Requests for Production of Documents. To date, Salsman has not fully responded to these requests, made any timely and legally sufficient objections, or moved to stay or quash Access's written discovery requests.

On December 2, 2010, Access filed a motion to compel a response to its interrogatories and to compel production of documents pursuant to Rule 37 of the Federal Rules of Civil Procedure. As the information sought appears reasonably calculated to lead to the discovery of

ORDER, *page 1*

1    admissible evidence and the motion is unopposed, Access's motion is GRANTED.

2

3                                  II. BACKGROUND

4          Pursuant to FRCP 33 and 34, Access served interrogatories and a request to produce

5    documents upon Salsman on August 3, 2010.  (Decl. of Anna T. Ferrari in Supp. of Def.'s Mot.

6    to Compel Disc. Exs. A, B).  Salsman failed to respond by the September 7, 2010 deadline.  The

7    parties conferred about responses to Access's written discovery requests, but to no avail.  Finally,

8    on November 15, 2010, Salsman stated that he would not be answering discovery because "the

9    discovery deadlines are tolled while my Appeal to the District Court is pending."  *(*Decl. Of Anna

10   T. Ferrari Ex. E.*)*  To date, no notice of appeal has been filed.

11         Having not received the requested documents almost three months after the initial deadline,

12   Access filed this motion to compel on December 2, 2010.  Access has provided the required

13   certification that it has made a good faith effort to obtain this discovery without court action.

14   (Decl. Of Anna T. Ferrari ¶ 6). Salsman's opposition was due December 21, 2010; none was

15   filed.  On December 21, 2010, Salsman produced two email chains, which he indicated were a

16   "partial response to [Access's] discovery request."  (Supplemental Decl. of Anna T. Ferrari in

17   Supp. of Def.'s Mot. To Compel Disc. Ex. 1).

18

19                                  III. STANDARDS

20         Under FRCP 33 and 34, a party answering interrogatories or a request for the production of

21   documents must provide a written response to each item requested within 30 days of service.

22   Fed.R.Civ.P. 33(b)(2), 34(b)(2). This response must include either a specific objection, an answer to

23   the interrogatory, or an agreement to produce each of the documents requested. Fed.R.Civ.P. 34(b)

24   (2)(A), (B). FRCP 37 grants judicial authority to compel disclosure where a party has failed to

25   provide authorized discovery in a timely fashion. A court may grant a motion to compel discovery

26   upon certification that the moving party has attempted in good faith to obtain the discovery without

27   court action. Fed. R. Civ. P 37(a)(1).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III. DISCUSSION

Access has provided sufficient documentation and certification that Salsman failed to produce timely discovery as required by FRCP 33 and 34, and that it attempted to obtain the requested discovery without court involvement. (Decl. Of Anna T. Ferrari ¶ 8-12, Exs C-E. ). As Access's requests appear reasonably calculated to lead to the discovery of admissible evidence, as required by FRCP 26, and the motion is unopposed, the motion is granted.

## V. CONCLUSION

Pursuant to Civ. L.R. 7-1(b), this motion may be determined without oral argument and the hearing scheduled to be held on January 11, 2011 is vacated.

IT IS HEREBY ORDERED that Salsman must respond to Access's interrogatories and must produce all requested documents no later than January 20, 2011.

Dated: January 6, 2011

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

ORDER, *page 3*

1

2

3   *Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

4

5   copies mailed on   *1/6/11*   to:

6   James Price Salsman
    1324 Carlton Ave
7   Menlo Park, CA 94025

8
                                          /s/ Kelly Lowenberg for
9                                      OSCAR RIVERA
                                       Courtroom Deputy
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER, *page 4*

1