UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES SALSMAN,<br><br>               Plaintiff,<br><br>   v.<br><br>ACCESS SYSTEMS AMERICANS, INC.,<br>et al.,<br><br>               Defendants. | Case No.: C 10-01865 PSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>**(Re: Docket No. 66)** |

On February 28, 2010, Defendant Terri Wright-Scheer ("Wright-Scheer") and Defendant Peter Van Der Linden ("Van Der Linden") filed a motion to dismiss the Third Amended Complaint ("TAC") pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff James Salsman ("Salsman") submitted an opposition consisting of two sentences,

> "[Salsman] opposes Defendants' Motion to Dismiss filed February 28, 2011, because negligence, and conspiracies to hide crimes from authorities which result in undue hardship or undue stress to a medical patient, are ordinary recoverable torts. As a compromise, Salsman proposes amending the Complaint filed April 30, 2010 to allege:"[1]

---

[1] 3/4/11 Opp'n Mot. To Dismiss and Proposed Fourth Amended Complaint (Docket No. 72).

ORDER, *page 1*

followed by a proposed fourth amended complaint.[2]

The court finds that the motion is appropriate for determination without oral argument.[3] For the reasons discussed below, the motion to dismiss is GRANTED. Accordingly, the operative complaint in this case is the Second Amended Complaint as modified by the court's prior Order Granting Defendant's Motion To Dismiss or To Strike.[4]

**I. LEAVE TO AMEND THE COMPLAINT AS FILED WAS NOT GRANTED**

On December 21, 2010, at a case management conference, Plaintiff James Salsman ("Salsman") informed the court that he was considering whether to add counsel for Defendant Access Systems Americas, Inc. ("Access") as defendants.[5] On December 23, 2010, the court issued a case management order setting a February 21, 2011 deadline for Salsman to file "any third amended complaint *as discussed at the Case Management Conference*."[6] On February 10, 2011, Salman filed the TAC. The TAC does not add counsel for Access as discussed at the case management conference. Instead, the TAC adds Defendant Tomihisa Kamada ("Kamada"), Van Der Linden, Wright-Scheer, and Does 1-20 as defendants. Kamada, Van Der Linden, Wright-Scheer, and Does 1-20 are all accused of violating the Americans with Disabilities Act ("ADA").[7] Van Der Linden and Does 1-20 are also accused of violating the Uniform Commerical Code ("UCC") "and other statutes."[8]

Under Fed. R. Civ. P. 15(1)(2), with the exception of the first amended complaint, "a party

---

[2] The proposed Fourth Amended Complaint is included in the opposition and is not a separate motion to amend. Thus, there is not a proper motion to amend before the court. The court notes, however, that to the extent that the proposed Fourth Amended Complaint contains claims identical to portions of the TAC discussed in this Order, the court's holding would be the same.

[3] *See* Civ. L.R. 7-1(b).

[4] *See* 9/17/10 Order Granting Def.'s Mot. To Dismiss or To Strike (Docket No. 44).

[5] *See* FTR Dec. 21, 2010, 2:07:45 p.m. - 2:08:09 p.m.

[6] See 12/23/10 Further Case Management Conference Order at 1:20-21 (emphasis added) (Docket No. 61).

[7] TAC ¶¶ 27-29, 32 (Docket No. 65).

[8] TAC ¶¶ 31-32 (Docket No. 65).

may amend its pleading only with the opposing party's written consent or the court's leave."[9] Salsman did not apply to the court for leave to add Kamada, Van Der Linden, Wright-Scheer, and Does 1-20 as defendants. That basis alone is sufficient to dismiss the TAC in its entirety.

Even if Salsman had applied to the court for leave to file the TAC, leave would have been denied as futile. Fed. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given when justice so requires. In the Ninth Circuit, the permissive standard of Rule 15 is "to be applied with extreme liberality."[10] In determining whether to grant a motion to amend, courts in the Ninth Circuit consider five factors in determining whether to grant leave to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility, and 5) any previous opportunities to amend.[11] Futility of amendment alone can justify the denial of a motion.[12] An amendment to a pleading is "futile" when "the amended complaint would be subject to dismissal."[13] For the reasons discussed below, the claims against the new defendants in the TAC do not survive a motion to dismiss.

## II. NO INDIVIDUAL LIABILITY UNDER THE ADA

Wright-Scheer and Van Der Linden argue that the ADA claims asserted against them and Kamada fail to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6) because ADA claims cannot be asserted against individuals. The Ninth Circuit has made clear that "individual defendants cannot be personally liable for violations of the ADA."[14] Thus, Salsman has failed to state an ADA claim with respect to Kamada, Wright-Scheer, and Van Der Linden. The ADA claims asserted against Kamada, Wright-Scheer, and Van Der Linden are dismissed.

## III. NO STANDING TO ASSERT CLAIMS ON BEHALF OF THIRD PARTY

Wright-Scheer and Van Der Linden argue that Salsman lacks standing to bring the following

---

[9] Fed. R. Civ. P. 15(a)(2).

[10] *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

[11] *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

[12] *Id.*

[13] *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).

[14] *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006).

ORDER, *page 3*

claims included in the TAC ("Software Claim").

> "[Van Der Linden] fraudulently violated the Uniform Commercial Code and other statutes by ordering Salsman to hide software defects from Samsung corporation of Korea while Salsman was reporting to [Van Der Linden] in order to secure a false commercial advantage.
> Defendant Does 1-20 . . . instructed their employees to avoid complying with the law or neglected to instruct them to comply with the law, and/or fraudulently attempted to secure a commercial advantage by ordering [Van Der Linden] to hide software defects from Samsung."[15]

To establish Article III standing, a plaintiff must demonstrate: "(1) it has suffered an 'injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision."[16] "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."[17]

The only injury alleged in the complaint is injury to Samsung and potentially to other companies against which Access gained a commercial advantage. Based on the TAC, any resulting injury would have been suffered by a third-party corporation that was a party to a commercial transaction with Access, not Salsman. A plaintiff ordinarily does not have standing to assert the rights of third parties.[18] Salsman has presented no argument that this case warrants a departure from the general rule prohibiting third-party standing. Thus, Salsman lacks standing, and the Software Claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the court lacks subject matter jurisdiction.[19]

---

[15] TAC ¶¶ 31-32 (internal numbering omitted).

[16] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

[17] *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)).

[18] *See Sec'y of State of Md. v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 955-7 (1984) (explaining that a plaintiff generally "cannot rest his claim to relief on the legal rights or interests of third parties" and recognizing some situations where prudential limitations on third-party standing are relaxed).

[19] As the Software Claim fails under Fed. R. Civ. P. 12(b)(1), the court need not address Defendants' argument that the Software Claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to identify a cause of action.

## IV. Failure To State A Cognizable Legal Theory For Software Claim

Wright-Scheer and Van Der Linden also argue that the Software Claim fails under Fed. R. Civ. P. 12(b)(6) because it does not identify a cause of action. Furthermore, they argue, without proper notice of the cause of action, Van Der Linden cannot reasonably prepare a defense.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[20] While "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[21] In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face."[22] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in a complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[24]

The only facts alleged in support of the claims that Van Der Linden "violated the Uniform Commercial Code and other statutes"[25] are that he instructed Salsman to hide software defects in order that Access would have a commercial advantage. The TAC does not identify the provision of the UCC, a code containing hundreds of provisions that govern different aspects of commercial transactions, that was violated by Van Der Linden's instruction and that now provides Salsman with a cause of action. Thus, the Software Claim fails to state a cognizable legal theory.

Dated: April 8, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[22] *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[23] *Id.* at 1940.

[24] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[25] TAC ¶ 31.

Notice of this filing was automatically mailed to counsel via the court's Electronic Case Filing system.

**A copy of this filing was mailed to:**

James Price Salsman
1324 Carlton Ave
Menlo Park, CA 94025

Dated: April 8, 2011

                                             */s/ Chambers Staff*
                                   Chambers of U.S. Magistrate Judge Paul S. Grewal